IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRI CT OF TENNESSEE
WESTERN DIVISION

---

| | | |
|---|---|---|
| | Ⅹ | |
| RENATA DEALEAN DILLARD, | Ⅹ | |
| | Ⅹ | |
| Plaintiff, | Ⅹ | |
| | Ⅹ | |
| vs. | Ⅹ | No. 12-2182-STA-dkv |
| | Ⅹ | |
| RUBIN LUBLIN SUAREZ SERRANO, | Ⅹ | |
| et al., | Ⅹ | |
| | Ⅹ | |
| Defendants. | Ⅹ | |
| | Ⅹ | |

---

ORDER GRANTING THE MOTION TO DISMISS FILED BY HSBC
AND
ORDER OF PARTIAL DISMISSAL

---

Before the Court is HSBC Mortgage Services, Inc.'s Motion to Dismiss. (ECF No. 31.) For the reasons stated herein, that motion is GRANTED.

On March 5, 2012, Plaintiff Renata DeAlean Dillard, a resident of Cordova, Tennessee, filed a *pro se* Verified Complaint for Emergency Injunctive, Declaratory Relief and Demand for Jury Trial against Rubin Lublin Suarez Serrano, LLC (the "Attorneys"); Bank of America, N.A. ("BANA"); The Bank of New York Mellon f/k/a The Bank of New York ("BNYM"); and HSBC Mortgage Services, Inc. ("HSBC"). (ECF No. 1.) On May 30, 2012, HSBC filed its Motion to Dismiss pursuant to Rules 8(a)(2), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 31.) Although Plaintiff has not responded to this motion, the Court declines to issue a show cause order because Plaintiff has responded to a similar motion filed by

BANA and BNYM. (*See* ECF No. 5 (motion to dismiss filed by BANA and BNYM); ECF Nos. 14 & 15 (Plaintiff's response).)[1]

This is an action to set aside a non-judicial foreclosure. On February 4, 2005, Plaintiff entered into two loan transactions secured by the property located at 8821 Overlea Cove, Cordova, Tennessee 30816 (the "Real Property").[2] The original lender on the $185,520 loan (the "First Mortgage") was America's Wholesale Lender, and the original lender on the $46,380 loan (the "Second Mortgage") was Countrywide Home Loans of Tennessee, Inc. Plaintiff alleges that BANA, BNYM, and HSBC are "are upon information and belief . . . creditors, assignee(s), trustee(s) and/or holders of Plaintiff's purported mortgage loan . . . ." (Compl. ¶ 4.) According to HSBC, "[a]t the time of default, the first mortgage was held by [BNYM] and the second mortgage was held by Household Financial, Inc. The second mortgage is the only loan affecting the [Real] Property in which HSBC has any legal interest." (ECF No. 31-

---

[1]   In an order issued on March 1, 2013, the Court granted the motion to dismiss filed by BANA and BNYM. (ECF No. 46.)

[2]   (*See* Compl. Exs. A, B, F & G.) Ordinarily, a court may not consider matters outside the pleadings unless the motion is converted to a summary judgment motion.

There are, however, exceptions to this general rule. Documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the Plaintiff's claim. . . . Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.

Jackson v. City of Columbus, 194 F.3d 737, 745 (6th Cir. 1999) (citations omitted), *overruled on other grounds by* Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002); *see also* Green v. Gandy, No. 5:10-cv-367-JMG, 2011 WL 4688639, at *3 (E.D. Ky. Oct. 3, 2011); Bazzy v. IndyMac Mortgage Servs., No. 09-CV-13436, 2010 WL 707371, at *1 (E.D. Mich. Feb. 23, 2010).

1 at 1.) Although BNYM sold its interest in the Real Property to BANA at a foreclosure sale, "to date, HSBC has taken no action adverse to the Plaintiff or otherwise instituted any proceedings to enforce its security interest in the [Real] Property." (Id. at 1-2.)[3]

The allegations in the Complaint about the Notice of Acceleration and Foreclosure refer to "certain Defendants" (Compl. ¶¶ 9-10), although the underlying documents make clear that the Attorneys mailed the Notice of Acceleration and conducted the foreclosure on behalf of their client, BNYM. BANA, which purchased BNYM's interest in the Real Property at the foreclosure sale, subsequent mailed Plaintiff a "Move Out Agreement." (Id. ¶ 11.)

The Complaint asserts claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq. (Compl. ¶ 93.) The Complaint seeks declaratory relief and money damages. (Id. p. 16.)

---

[3]     HSBC has explained its interest in the Real Property:

The second mortgage was recorded on March 14, 2005 as Instrument No. 05038858 in the Office of the Shelby County Register. The lender on the second mortgage was Countrywide Home Loans of Tennessee, Inc. The Deed of Trust for the second mortgage was transferred via corporate assignment of deed of trust to Countrywide Home Loans, Inc. The corporate assignment was recorded on February 21, 2007 as Instrument No. 07031522 in the Office of the Shelby County Register. The Deed of Trust was subsequently transferred via corporate assignment of deed of trust to Household Financial Center, Inc. The corporate assignment was recorded on May 8, 2007 as Instrument No. 07074293 in the Office of the Shelby County Register. HSBC Mortgage Services, Inc. and Household Financial Center Inc. are both legal entitles to HSBC. The second mortgage is the only loan affecting the [Real] Property in which HSBC Mortgage Services, Inc. has any legal interest.

(Id. at 2-3 (record citations omitted).)

3

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S. Ct. 1955, 1964-66, 167 L. Ed. 2d 929 (2007). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681, 129 S. Ct. at 1951) (alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950; see also Twombly, 550 U.S. at 555 n.3, 127 S. Ct. at 1964-65 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

Rule 8(a)(2) requires "[a] pleading that states a claim for relief" to contain "a short and plain statement of the claim

showing that the pleader is entitled to relief."[4] A complaint violates these provisions when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." Harrell v. Dirs. of Bur. of Narcotics & Dangerous Drugs, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); see also Flayter v. Wis. Dep't of Corr., 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); Vicom v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); Plymale v. Freeman, ___ F. App'x ___, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing with prejudice "rambling" 119-page complaint containing nonsensical claims); Jennings v. Emry, 910 F.2d 1434, 1436 (7th Cir. 1990) ("A . . . complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is presented and if so what it is. And it must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of that understanding.") (citations omitted).

---

[4]   See also Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct.").

Federal courts have not hesitated to dismiss lawsuits by *pro se* litigants challenging foreclosures on this basis. For example, one district court in this circuit recently stated as follows:

> Even under the lenient standards governing *pro se* pleadings, Plaintiff's complaint in this case is an incomprehensible grab-bag of disjointed references to various statutes, treaties, legal doctrines, judicial rulings, and the like. Similarly, Plaintiff has eschewed any sort of straightforward response to Defendants' motions, and instead has submitted over 70 pages of documents bearing such captions as "affidavit of fact," "writ in the nature of discovery," and "legal notice of removal." The Court appreciates that the legal system can be difficult for a layperson to navigate, but the rules of pleading are designed to facilitate access to the courts by *pro se* litigants without the need for specialized legal training or expertise, requiring only a "short and plain statement" of the grounds for relief. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff has made no effort to satisfy this standard, but instead appears intent on obscuring the nature of and factual basis for his claims in this case. Moreover, he cites a litany of state and federal laws — *e.g.*, criminal statutes that do not confer a private right of action — without any attempt to allege facts that might forge a link between these laws and a viable cause of action.
>
> Under this record, no amount of liberal construction of Plaintiff's *pro se* submissions can rescue this suit from dismissal. While it is evident that Plaintiff is dissatisfied with the outcome of the state court tax foreclosure and landlord/tenant proceedings, it is far less clear how he proposes to forge a link between this dissatisfaction and a viable cause of action that lies within this Court's subject matter jurisdiction. Instead, for the reasons identified in Defendants' motions and discussed above, the Court finds that Plaintiff's complaint must be dismissed.

Nassar El v. Smith, No. 11-11957, 2012 WL 313985, at *3 (E.D. Mich. Jan. 31, 2012); *see also* Samples v. Bank of Am., N.A., No. 3:12-CV-44, 2012 WL 1309135, at *3 (E.D. Tenn. Apr. 16, 2012) (dismissing complaint under Rules 8(a) and 12(b)(6) where "[t]he specific factual allegations of the complaint consist of, at most, two

sentences relating to the Property and the origination of plaintiff's loan" and the remainder of the complaint addresses "the mortgage industry, mortgage-backed securities, and allegations of misconduct against the mortgage industry and its processes as a whole" with no discussion of the allegedly wrongful conduct of BANA and its impact on plaintiffs); Bajwa v. John Adams Mortg. Co., No. 11-CV-12183-DT, 2011 WL 6009266, at *6 (E.D. Mich. Nov. 30, 2011) (dismissing certain claims in action challenging a foreclosure as incomprehensible); Smith v. MERS, No. 10-125008, 2011 WL 4469148, at *3-4 (E.D. Mich. Aug. 4, 2011) (report and recommendation), adopted, 2011 WL 4479481 (E.D. Mich. Sept. 27, 2011); Sherman v. Saxon Mortg. Servs., Inc., No. 10-2282-STA-tmp, 2010 WL 2465459, at *5 (W.D. Tenn. June 14, 2010) (dismissing pro se complaint for numerous reasons, including failure to comply with Rule 8(a)).

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2)

and stating, "[n]either this court nor the district court is required to create Payne's claim for her").

In its Motion to Dismiss, HSBC argues that the Complaint must be dismissed pursuant to Rule 12(b)(6) because it does not allege any discernible claim against it. (ECF No. 31-1 at 9-10.) That argument is well taken. Plaintiff's Complaint is insufficient to identify the nature of her claims against HSBC, which has taken no action adverse to Plaintiff. HSBC is not the originating lender on the Second Mortgage and, while a sister corporation now holds the Second Mortgage, it has taken no steps to enforce its security interest. The Court GRANTS this aspect of HSBC's motion to dismiss.

Additionally, HSBC has incorporated the arguments presented by BANA and BNYM under Rules 8(a)(2) and 12(b)(6) about the pleading deficiencies in the Complaint. (Id. at 7-8.) The Court granted that aspect of the motion to dismiss filed by BANA and BNYM, stating as follows:

> Plaintiff's Complaint is one of a series of similar form complaints filed in this district that contains few discernible claims. Much of the complaint consists of a list of cases (Compl. ¶¶ 27-48) and what purports to be a lengthy summary of the provisions of the "National Currency Act (later called 'National Bank Act')," as enacted by the Thirty-eighth Congress (id. ¶¶ 49-92; see also id. ¶ 19 ("The law that Governs this note/bond/mortgage, security interest lien is the Statutes at Large Public Law 13 38th Congress Stat 99-118, the National currency Act, which is expressed as prima facie Law under the United States Code Title 13 Banks and Banking . . . ."). The 38th Congress sat from March 4, 1863, to March 4, 1865. Plaintiff is presumably referring to the National Bank Act of 1864, 13 Stat. 99, which provided, inter alia, for the federal chartering of national banks. Plaintiff's vague references to the National Bank Act of 1864, which is currently codified, as amended, in Title 12 of the United States Code, are

insufficient to give fair notice of her claims under that statute. *See* <u>Twombly</u>, 550 U.S. at 555, 127 S. Ct. at 1964.

(ECF No. 46 at 11-12; *see also* <u>id.</u> at 12-14 (dismissing specific claims under National Bank Act.) This analysis applies to any claims asserted against HSBC. The Court GRANTS this aspect of HSBC's Motion to Dismiss.

Finally, HSBC argues that Plaintiff's fraud claims, including her RICO claim, do not comply with Rules 9(b) and 12(b)(6). (ECF No. 41-1 at 10-12.) The Court has granted that aspect of the motion to dismiss filed by BANA and BNYM. (*See* ECF No. 46 at 16-21, 24-26.) That analysis applies to Plaintiff's fraud and RICO claims against HSBC. The Court GRANTS this aspect of HSBC's Motion to Dismiss.

For all the foregoing reason, the Court GRANTS HSBC's Motion to Dismiss pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. Because the Complaint, on its face, does not include any factual allegations against HSBC, and because Plaintiff failed to respond to HSBC's Motion to Dismiss, the claims against HSBC are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 28th day of March, 2013.


**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE